55,762-10

CLERK OF THE
COURT OF CRIMINAL APPEALS
P.O. BOX 12308,CAPITOL STATION
AUSTIN,TEXAS 78711

APRIL 16,15

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 20 2015

Abel Acosta, Clerk

RE: WRIT OF HABEAS CORPUS IN TRIAL CAUSE NO.776435-B

CLERK,

Can you please file this rebuttal with writ of habeas corpus application in the above cause number for the court's review. Further can you please inform me if your office has recieved the application and exhibits from the trial court.

Thank you.

c.c.f.

X

JOSEPH B. HINES#901768
CONNALLY UNIT
899 FM 632
KENEDY,TX.78119

EX PARTE ,                              §

JOSEPH BARNARD HINES,                   §       TRIAL CAUSE NO.776435-B
           APPLICANT                    §       WR-_____


APPLICANT'S REBUTTAL TO THE STATE'S ORIGINAL ANSWER AND THE TRIAL COURT'S
FINDINGS OF FACT.CONCLUSION OF LAW,AND ORDER.

TO THE HONORABLE JUDGE(S) OF THE COURT OF CRIMINAL APPEALS:

COMES NOW,JOSEPH BARNARD HINES,Applicant,in pro se,and files
his rebuttal to the State's original answer and the trial court's
findings of fact,conclusions of law,and order. Applicant will
show the court the following:

I.

Applicant filed his second writ of habeas corpus with the 180th
district court of Harris COunty,on 3-23-14,as and attact on the
courts jurisdiction and juvenile court's order waiving jurisdict-
ion.see,EX-O[ORDER WAIVING JURISDICTION]THIS ORDER IS ALSO ON FILE WITH
THIS COURT IN APPLICANT'S ORIGINAL APPLICATION IN WR-55,762-02,AS A STATE EX-
HIBIT.  Applicant recieved the State's original answer on 4-14-15,
and recieved the trial court's finding of fact,conclusions of law
and order on 4-16-15. Applicant never recieved an opportunity to
rebut the State's answer.

II.

Applicant contends that the State's request for dismissal and
the trial court's order is improperly requested,where Applicant
has satified Tex.Crim.Proc.Code art.11.07§ 4(a)(1)(b) &(a)(2).

11.07 section 4(a)(1)(b) &(a)(2)

(a) If a subsequent application for writ of habeas corpus is filed
after final disposition of an initial application challenging the
same conviction,a court may not consider the merits of or grant
relief based on the subsequent application unless the application
contains sufficient specific facts establishing that:

1. the current claims and issues have not been and could not have
   been presented previously in an original application or in a
   priviously considered application filed under this article be-

1

cause the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application;<u>or</u>

2. by a preponderance of the evidence,but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

(b) for purpose of subsection (a)(1),a legal basis of a claim is unavailable on or before a date decribed by subsection(a)(1)if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme COurt,a court of appeals of the United States ,or an COurt of Appellate jurisdiction of this state on or before that date. TEX.PROC. CODE ANN.11.07§4(a)(1)(b)&(a)(2).

## THE BREAK DOWN OF 11.07§ 4(a)(1)(b) & (a)(2) TO APPLICANT'S WRIT OF HABEAS CORPUS

The case MOON v.STATE,410 S.W.3d 366,2013 TEX.APP.LEXIS 9345 (TEX.APP.HOUSTON 1st.dist.2013) was not ruled on by the 1st COurt of Appeals until 2013 and affirmed by the COurt of Criminal Appeals until 2014.see,MOON v. STATE,___S.W.3d___,2014 TEX.CRIM.APP. LEXIS 1918,2014 WL 6997366.

But for almost forty years,the tendency among the Court of Appeals has been to hold that a juvenile transfer order need not specify in detail the facts supporting the order.see,MOON v.STATE 2014 TEX.CRIM.APP.LEXIS 1918 at dissent.

The Court of Criminal Appeals held that,"What is lacking in our statutory scheme-as is lacking in Kent-is any express statement of the applicable standard of appellate review of the juvenile court's transfer order. In the absence on an explicit statutory standard of appellate review,the court of appeals have filled the void with decisional law spelling out how they will go about providing the "meaningful review" contemplated by KENT.see,id. at 45,

In the instant case, Applicant filed his original writ of habeas corpus 8-25-04 WR-55,762-02,but even if Applicant would have raised the current issue on appeal or his first application,it would have been fruitless where the courts' tendencies for almost forty years lacked a applicable statutory standard of review,

2

So any review of the claim would have violated Applicant's due process right,so he has satified TEX.CRIM.PROC.CODE ANN. art. 11.07 § 4(a)(1)(b) & (a)(2),where:

WHERE THE LEGAL BASIS WAS NOT RECOGNIZED BY and COULD NOT HAVE BEEN REASONABLY FORMULATED FROM A FINAL DECISION OF A COURT OF APPELLATE JURISDICTION OF THIS STATE ON OR BEFORE THE FILING OF 8-25-04 of HIS ORIGINAL APPLICATION.

## III.

Applicant further contends that this conviction is causing collateral consequences,because due to the unlawful arrest of Applicant as a juvenile,evidence was collected from him. Such as:TWO PHOTOGRAPHS,FINGER-PRINTS,and DNA,which was use to convict him in trial cause numbers' 776436,800590,800591,and 809892.see,EX-P [COUNSEL'S 2nd MOTION FOR THE APPOINTMENT OF AN EXPERT,WHICH LIST ALL CAUSE NUMBERS. CAUSE NO.803298 on THE MOTION LATER BECAME 809892];see also,EX-Q [OFFENSE POLICE REPORT OF CAUSE NO.809892,800590,800591 at pg.19 and 21.].

## CONCLUSION

Applicant contends that the State's and trial court has improperly requested for the dismissal of his writ of habeas corpus. When he has in fact satisifed the standards set out in TEX.CRIM. PROC.CODE art.11.07 § 4(a)(1)(b) & (a)(2).

Additionally by a preponderance of the evidence,but for a violation of Applicant's constitutional rights[due process & lack of jurisdiction] no rational juror could have found him guilty beyond a reasonable doubt.

## PRAYER FOR RELIEF

Applicant respectfully prays that this honorable Court of Criminal Appeals grants this rebuttal and reaches the merits of his claim.

X _____

3

EX PARTE,                          §

JOSEPH BARNARD HINES,              §      TRIAL CASE NO.776435-B
          APPLICANT                §      WR-_____


## PROPOSE ORDER

On this day of_____came to be heard on Applicant's
rebuttal to the State's original answer and the trial court's
findings of fact,conclusions of law,and ORDER,and it is this
COurt determination that Applicant's rebuttal is:

GRANTED,


The court clerk is ordered to inform all parties of the courts
ruling.

executed on_____


                              _____
                              JUDGE(S) OF THE COURT OF CRIMINAL
                              APPEALS

4

## CERTIFICATE OF SERVICE

Applicant,JOSEPH BARNARD HINES,#901768,hereby certify that this rebuttal to the State's original answer and the trial courts findings of fact,conclusions and order was mailed by U.S.P.S. to: THE CLERK OF THE COURT OF CRIMINAL APPEALS,at P.O. BOX 12308, CAPITOL STATION,AUSTIN,TX.78711,on April 16,2015. Applicant is unable to provide the State with a copy due to his indigence. executex on 4-16-15.

x _____

3/P-2
CEL

NO. 98-00755J

| THE STATE OF TEXAS | | IN THE 313TH DISTRICT COURT |
| COUNTY OF HARRIS | | OF HARRIS COUNTY, T E X A S |

## ORDER WAIVING JURISDICTION

IN THE MATTER OF JOSEPH BARNARD HINES.

ON THE 24TH day of FEBRUARY, 1998, a hearing was held in the above styled and numbered cause under Section 54.02 of the Family Code, on the issue of waiver of jurisdiction. Prior thereto the Court had ordered and obtained a diagnostic study, social evaluation, a full investigation of the child, his circumstances, and the circumstances of the alleged offense, counsel, BELINDA PITT was retained more than ten (10) days prior to the hearing; the counsel for the child was given access to all written matter to be considered by the court in making the transfer decision more than one (1) day prior to the hearing; said child, JOSEPH BARNARD HINES and his mother, CHERRIE MARSHALL had been served with citation more than two (2) days prior to the hearing. After full investigation and hearing at which hearing, the said JOSEPH BARNARD HINES and his mother, CHERRIE MARSHALL were present; the court finds that the said JOSEPH BARNARD HINES, is charged in violation of penal laws of the grade of felony, if committed by an adult, to wit: AGGRAVATED ROBBERY OF HUAN VU, COMMITTED ON OR ABOUT DECEMBER 15, 1997; that there has been no adjudication of this offense; that he was 14 years of age or older at the time of the commission of the alleged offense having been born on the 26TH day of MARCH, 1981, that there is probable cause to believe that the child committed the offense alleged and that because of the seriousness of the offense, the welfare of the community requires criminal proceedings. In making that determination, the Court has considered among other matters:

1. Whether the alleged offense was against person or property, with the greater weight in favor of waiver given to offenses against the person;

2. The sophistication and maturity of the child;

3. The record and previous history of the child; and

4. The prospects of adequate protection of the public and the likelihood of reasonable rehabilitation of the child by use of procedures, services and facilities currently available to the Juvenile Court.

The Court specifically finds that the said JOSEPH BARNARD HINES is of

EX-O

STATE'S EXHIBIT

sufficient sophistication and maturity to have intelligently, knowingly and voluntarily waived all constitutional and statutory rights heretofore waived by the said JOSEPH BARNARD HINES, to have aided in the preparation of his defense and to be responsible for his conduct. That the offense alleged to have been committed was against the person of another and the evidence and reports heretofore presented to the court demonstrate to the court that there is little, if any prospect of adequate protection of the public and likelihood of reasonable rehabilitation of the said JOSEPH BARNARD HINES by use of procedures, services, and facilities currently available to the Juvenile Court.

IT IS THEREFORE ORDERED that the jurisdiction of this Court sitting as a Juvenile Court, be and it is hereby waived, and the said JOSEPH BARNARD HINES be and the same is hereby transferred to the Criminal District Court of Harris County, Texas, for criminal proceedings in accordance with the Code of Criminal Procedure.

Signed this _25_ day of __FEBRUARY__, 1998.

_____
JUDGE, 313TH DISTRICT COURT
OF HARRIS COUNTY, T E X A S

Ex-O

14|55|915 14|55|990 14|55|989

NO.776431/776434/776435/776436/803297/803298

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| vs. | § | 180TH JUDICIAL DISTRICT |
| JOSEPH HINES | § | HARRIS COUNTY, TEXAS |

## SECOND MOTION FOR THE APPOINTMENT OF AN EXPERT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Joseph Hines, defendant in the above styled and numbered cause, by and through his attorney of record, and respectfully moves this Honorable Court to appoint an expert witness to assist him in the preparation of his defense, and for good cause shows the following:

I.

Defendant is charged with the felony offenses of Aggrevated Robbery and Aggrevated Sexual Assault. Defendant previously filed a Motion For Appointment of an Expert.

II.

Based on his limited investigation in this case, the undersigned counsel knows that the State will be calling an expert witness to testify for the purpose of DNA. Further, counsel knows there are a number of detailed and technical issues which must be investigated and explored. Counsel does not possess the knowledge or expertise to address all the issues involved in this investigation which he believes can only be done properly and effectively through the use of an expert witness.

EX-P

III.

Appointment of an expert witness is necessary to insure that defendant receive his rights to effective assistance of counsel, cross-examination and confrontation, and compulsory process, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Texas Constitution; due process and due course of law, guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, §§ 13, 19 and 29; and, equal protection of the law, guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, §§ 3 and 3a of the Texas Constitution.

IV.

Counsel is retained, however, Defendant is unable to pay any attorney fees nor retain and expert. Counsel request to be reimbursement for reasonable expenses incurred with prior court approval for purposes of investigation. Tex. Code Crim. Proc. Ann. Art. 26.05(a). Counsel has retained the services of an expert who needs a signed copy of this motion and order for her records.

V.

Undersigned counsel was to be retained to represent the defendant, but because of his indigence has not been paid and is proceeding pro bono. This indigency is the reason defendant from is filing this second motion regarding hiring an expert witness to assist in his defense.

Ex-P

VI.

Defendant requests that the Court appoint Technical Associates, Inc., an expert in the area of DNA, as an expert witness in this matter.

**WHEREFORE, PREMISES CONSIDERED,** defendant prays that this Court appoint an expert witness to assist him in the preparation of his defense and that the Court order the County Auditor to pay the costs of the expert's services.

Respectfully submitted,

Charles Brown
18333 Egret Bay Blvd.
Suite 270
Houston, Texas 77058
(281) 333-3335

BY:_____
    Charles Brown
    STATE BAR NO.:03101400

ATTORNEY FOR DEFENDANT

FILED
CARISSE
Clerk
SEP 10 1999
Time:
Harris County, Texas
By                    Deputy

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion For the Appointment of an Expert was delivered to the District Attorney's Office, at 201 Fannin, Houston, Harris

EX-P

County, Texas 77002, on September 10, 1999.

Charles Brown
18333 Egret Bay Blvd.
Suite 270
Houston, Texas 77058
(281) 333-3335


BY:_____
    Charles Brown
    STATE BAR NO.:03101400
ATTORNEY FOR DEFENDANT


## O R D E R


On _____, 1999, came on to be heard defendant's Second Motion For The Appointment Of An Expert to assist Charles Brown in the preparation of the defense.

This Court, after having read the pleadings and heard argument of counsel, is of the opinion that said motion should be granted:

It is therefore **ORDERED, ADJUDGED and DECREED** that Technical Associates, Inc. is hereby appointed as an expert witness for the defendant.

It is further **ORDERED** that the said Technical Associates, Inc., after the conclusion of his/her expert investigation and trial preparation be paid up to the sum of, and not to exceed, $1000.00.

SIGNED on _____, 1999.

_____

                              _____
                              JUDGE PRESIDING


Ex-P

2814690959

# TO REQUEST A DETAILED COPY OF A
# HARRIS COUNTY OFFENSE REPORT

To obtain a detailed copy of an offense report through the "Public Information Act," Also known as the "Texas Open Records Act," please send your request via fax to fax number 713- 755-6228, **Attention: Legal Department**

Or
Mail your request to:

Harris County Sheriff's Office
**Attention: Legal Department**
1200 Baker St.
Houston, Texas 77002

**RECEIVED**
NOV 2 2 2010
**LEGAL COUNSEL**

## Please include the following information in your request:

Report /Offense Number(s): 97121424113 /Compliaint, an Arrest Warra

Name(s) of person(s) involved: Joseph B Hines

Address(es) of offense(s) 13911 Chuck Wood

Date(s) of Offense(s) 12/1997

CONTACT INFORMATION:

Contact Name: Cherrie Marshall

Delivery Address: 10419 Hidden Moon Dr. Houston, TX 77044

Contact Telephone Number: (832) 643-1553

* Please allow 5-10 working days for your request to be processed. To contact the Legal Department, please call 713-755-5668.

EX-Q

PUBLIC RELEASE REPORT FOR HARRIS COUNTY
            LAW ENFORCEMENT

CASE NO: 9712142413
PATROL DISTRICT 1


TYPE OF OFFENSE:        SEX ASSLT/AGGRAVTD BY FIREARMS
                       ROBBERY/ RESIDENCE BY FIREARMS

LOCATION:    13911 CHUCKWOOD                GRID:  371V        0

AT/BETWEEN                  DATE/TIME              DATE/TIME
   AT                     12/14/97  08:20


PREMISES INVOLVED: RESIDENCE OUTSIDE    WEATHER CONDITION:  CLEAR
CAUSE OF FIRE    :                      METHOD OF ENTRY:

COMPLAINANT INFORMATION:
            NAME                        AGE   RACE   SEX   HISP


NAME OF INVESTIGATING OFFICER:   TROTTI,ED W

PROPERTY INVOLVED:                  NCIC      MODEL         VALUE/
  BRAND      TYPE/DESCRIPTION        CODE      TYPE          LOSS

  UN                               CURRENC            0
  MISC DEMONINATION                                            1900.00
  (S) STOLEN
  SGA                              FIREARM  400 MARK II
                                                              200
  (S) STOLEN
  UNKNOWN                           YCCARDS
  CREDIT CARDS
  (S) STOLEN                                                   1
  JVC      CAMERA
  VIDEO CAMERA                                             CCAMERA
  (S) STOLEN                                               1100


VEHICLE INVOLVED:
  MAKE    MODEL YR   STYLE       VCO       LIC       LIS LIT   VALUE/
                                                              LOSS


SYNOPSIS OF OFFENSE:

UNKNOWN SUSPECTS FORCED ENTRY INTO COMPLAINANT'S RESIDENCE, TAKING THE ABOVE
LISTED MERCHANDISE, AND SEXUALLY ASSAULTING THE COMPLAINANT.


EX-Q

TYPE OF OFFENSE:     SEX ASSLT/AGGRAVTD BY FIREARMS
                     ROBBERY/ RESIDENCE BY FIREARMS

| DISPATCH LOCATION | | ALI | GRID | BEAT | DISTRICT | COMM |
|---|---|---|---|---|---|---|
| 13911 | RE CHUCKWOOD | | 371V | 1B2 | | S1 |

| REPORTED LOCATION | ALI | GRID | BEAT | DISTRICT | COMM |
|---|---|---|---|---|---|
| 13911 CHUCKWOOD | | 371V | 1B2 | D2 | S1 |

AT/BETWEEN              DATE/TIME                DATE/TIME
   AT                   12/14/97  08:20

PREMISES INVOLVED: RESIDENCE OUTSIDE    METHOD OF ENTRY  :
POINT OF ENTRY    :                     POINT OF EXIT    :
INST/TOOL USED    :                     WEATHER CONDITION:  CLEAR
CAUSE OF FIRE     :                     LATENT PRINTS:    SCENE PHOTOS:

PERSONS INVOLVED INFORMATION:
 TY/NO            NAME/ADDRESS      REL TO OFFENDER      AGE   RACE  SEX  HISP
 R01 ██████
     13911   CHUCKWOOD

                                          -    -

     DATE OF BIRTH :    /  /   SOCIAL SECURITY NO :     -  -
     DRIVERS LICENSE :                      STATE : TX
     CONDITION :     TAKEN TO :      TRANSPORTED BY :
     EMPLOYMENT :

        PHONE :    -   -      EXT :

OFFICERS INVOLVED:

| P | NAME | TDISP | TENRT | TARRD | TCLRD | DIS | CBY |
|---|---|---|---|---|---|---|---|
| P | TROTTI,ED W | 20:53 | 20:54 | 21:05 | 05:54 | REP | CLM |
| B | ROSSI,DAVID | 21:44 | 21:44 | 22:06 | 23:54 | CBU | CLM |
| B | LOVETT,JAMES | 21:44 | 21:44 | 22:06 | 23:54 | CBU | CLM |
| B | HOLTKE,M D | 21:39 | 21:39 | 21:57 | 23:54 | CBU | CLM |
| B | ZERMENO,W D | 21:17 | 21:17 | 21:18 | 22:52 | CBU | CLM |
| B | DOWLING,RICKI | 20:54 | 20:54 | 21:09 | 23:36 | CBU | CLM |
| B | THOMPSON,M W | 20:54 | 20:54 | 21:09 | 23:36 | CBU | CLM |

STATUS / DISPOSITION    REPORT STATUS: DRA      UCR CLEARANCE: OPN
            NAME                     DATE
        HAMPTON,L C               02/07/98        INITIAL ENTRY

    RELATED CASES    9712150128

Ex-Q

PROPERTY INVOLVED:
PER/NO ITEM  ST BRAND      TYPE              NIC NUMBER   SERIAL NUMBER          VALUE/
                                                                                LOSS

 R01   004  S  UN
   MISC DESC:  MISC DEMONINATION                                                1900.00
   ARSON PROPERTY CLASS:
 R01   003  S  SGA     PI                   g753639284 G62145
   MISC DESC:                                                                    200
   ARSON PROPERTY CLASS:
 R01   002  S  UNK
   MISC DESC:  CREDIT CARDS                                                        1
   ARSON PROPERTY CLASS:
 R01   001  S  JVC          CAMERA
   MISC DESC:  VIDEO CAMERA                                                      1100
   ARSON PROPERTY CLASS:


VEHICLE INVOLVED:
 PER/NO  STATUS  MAKE  MODEL     LIT       VCO        LIC        LIS       VALUE/
                                                                          LOSS
SYNOPSIS OF OFFENSE:

UNKNOWN SUSPECTS FORCED ENTRY INTO COMPLAINANT'S RESIDENCE, TAKING THE ABOVE
LISTED MERCHANDISE, AND SEXUALLY ASSAULTING THE COMPLAINANT.

SUSPECTS INVOLVED:

Ex-Q

SUPPLEMENT NUMBER:    1
   ENTERED BY: HOLTKE,M D            DATE: 12/23/97   TIME: 02:54
   APPROVED BY: MORGAN,DAVID         DATE: 01/07/98   TIME: 08:51

STED. THERE IS SOME WOOD FROM THE JAMB ON THE PORCH AREA. JUST INSIDE THE DOOR
ON THE FLOOR IS THE STRIKE PLATE AND A SCREW. THERE IS WHAT APPEARS TO BE A
DIRT SHOE MARK ON THE EXTERIOR OF THE MAIN ENTRY DOOR.

   THE MAIN ENTRY OPENS IN TO A TILED ENTRY AREA TO THE WEST. ON THE SOUTH SIDE
OF THE ENTRY AREA IS A DOOR FOR THE FRONT (EAST) BEDROOM/OFFICE. THE WEST END
OF THE ENTRY AREA OPENS INTO THE NORTH EAST CORNER OF THE LIVING ROOM.

   THE FRONT BEDROOM/OFFICE HAS A DESK AGAINST THE WEST WALL. ONE OF THE DRAWER
S IN THE DESK IS SLIGHTLY PULLED OUT. IN THE SOUTH EAST CORNER OF THE ROOM IS
WHAT APPEARS TO BE SOME KIND OF RELIGIOUS ALTER. THERE ARE SEVERAL ASSORTED
STATUES, PHOTOGRAPHS, AND BOWLS WITH ASSORTED VEGITABLES/GREENS. UNDER ONE OF
THE BOWLS IS $281.00 IN CASH. ON THE FLOOR BETWEEN THE ALTER AND THE DESK IS
A MATTRESS.

   THE WEST END OF THE ENTRY HALL OPENS IN TO THE NORTH EAST CORNER AREA OF THE
LIVING ROOM. THE LIVING ROOM IS AS FOLLOWS: AGAINST THE EAST WALL IS A CHINA
CABINET. ON THE SOUTH WALL, SOUTH EAST CORNER, IS AN OPENING FOR ACCESS TO
THE KITCHEN AREA. AGAINST THE SOUTH WALL, WEST OF THE KITCHEN, IS A LARGE
SCREEN TELEVISION, STEREO, AND SPEAKERS. IN THE SOUTH WEST CORNER IS AN OPEN
DOOR THE LEADS TO A SHORT EAST/WEST HALLWAY. THIS HALL ALLOWS ACCESS TO THE
SOUTH BEDROOM, COMMON BATHROOM, AND SOUTH WEST BEDROOM. ON THE WEST WALL OF
THE LIVING ROOM, SOUTH WEST CORNER AREA, IS THE BACK DOOR WHICH OPENS OUT TO
AN ENCLOSED BACK PORCH AREA. NORTH FROM THE BACK DOOR IS A FIREPLACE AND A
CHRISTMAS TREE IN THE NORTH WEST CORNER. AGAINST THE NORTH WALL IS A CHAIR
AND A LOVESEAT. AT THE NORTH EAST CORNER AREA IS AN OPENING FOR ACCESS TO THE
NORTH WEST (MASTER) BEDROOM AND GARAGE. ON THE EAST SIDE OF THE ROOM, IN THE
MIDDLE AREA, IS A COUCH THAT FACES TO THE WEST. I FOUND THE FLOOR IN THE LIV-
ING ROOM TO BE TILED. SREAD OUT ON THE FLOOR IN THE MIDDLE OF THE ROOM, WEST
OF THE COUCH AND SOUTH FROM THE LOVESEAT, IS A BLUE QUILT.

   ON THE SOUTH END OF THE COUCH IS A PILLOW WITH A PILLOW CASE. ON THE SOUTH
EAST AREA OF THE BLUE QUILT IS AN APPARENT BLOOD STAIN. ON THE COUCH AND QUILT
IS REPORTEDLY WHERE THE SEXUAL ASSAULT TOOK PLACE. IN THE NORTH WEST CORNER
OF THE LIVING ROOM, WEST WALL, IS A WINDOW. IN FRONT OF THIS WINDOW IS A
CHRISTMAS TREE. THERE IS A BULLET HOLE IN THIS WINDOW. THE BULLET APPEARS TO
HAVE BEEN FIRED FROM THE LIVING ROOM AREA, WEST THROUGH THE WINDOW. THE FIRED
PROJECTILE WAS FOUND IN THE FRAMING IN THE NORTH WEST CORNER OF THE ENCLOSED
BACK PORCH AREA. THE REMAINDER OF THE LIVING ROOM AND KITCHEN APPEAR TO BE
IN ORDER.

   THE MASTER BEDROOM IS IN DISARRAY. THE MATTRESS ON THE BED HAS BEEN MOVED.

EX-Q

SUPPLEMENT NUMBER:    1
  ENTERED BY: HOLTKE,M D            DATE: 12/23/97   TIME: 02:54
 APPROVED BY: MORGAN,DAVID          DATE: 01/07/98   TIME: 08:51

SOME DRAWERS HAVE BEEN LEFT OPEN AND SOME PULLED OUT ON THE DRESSER AND CHEST
OF DRAWERS. SOME OF THE DRAWER CONTENTS HAVE BEEN DUMPED ON THE FLOOR. IN THE
SOUTH BEDROOM THERE IS CLOTHING ON THE BED AND FLOOR. SOME OF THE DRAWERS
ON THE DRESSER AND CHEST OF DRAWERS ARE FOUND PARTIALLY PULLED OPEN. THE
SOUTH WEST BEDROOM LOOKS TO BE IN ORDER.

    DEPUTY J. LOVETT TOOK SEVERAL COLOR PHOTOS OF THE SCENE. THE PHOTOS WERE
TURNED IN TO THE PHOTO LAB UNDER THE ABOVE CASE NUMBER.

    DEPUTY J. LOVETT AND D.V. ROSSI BOTH PROCESSED THE SCENE FOR LATENT PRINTS.
THEY WERE ABLE TO RECOVER A FEW LATENTS OF POSSIBLE VALUE. THE LATENTS HAVE
BEEN SUBMITTED TO A.F.I.S. UNDER THE ABOVE CASE NUMBER.

    DEPUTY ROSSI MADE 18 TAPE LIFTS FROM THE COUCH CUSHIONS IN ORDER TO
RECOVER POSSIBLE HAIR/FIBER EVIDENCE. I TOOK POSESSION OF THE LIFTS ON THE
SCENE. DISPOSTION TO FOLLOW LATER IN THIS REPORT.

    DEPUTY LOVETT RECOVERED TWO HAIR SAMPLES FROM THE LIVING ROOM FLOOR. ONE
BY THE SOUTH SIDE AND ONE FROM THE EAST SIDE OF THE BLUE QUILT. I TOOK POSS-
ESION OF THIS EVIDENCE ON THE SCENE. DISPOSITION TO FOLLOW LATER IN THIS REP-
ORT.

    I RECOVERED THE FOLLOWING EVIDENCE FROM THE SCENE:

    1. ONE BLUE BANDANA..............................FROM STREET IN FRONT OF HOUSE
    2. ONE TANDY CORDLESS PHONE.....................FROM FRONT YARD
    3. ONE RADIO SHACK AC ADAPTOR...................FROM FRONT YARD
    4. TWO (2) TAN COLORED NYLON STOCKINGS..........OUTSIDE MAIN ENTRY UNDER
                                                    BURGLAR DOOR
    5. ONE 8X10 PHOTOGRAPH..........................FROM DESK IN FRONT BEDROOM/
                                                    OFFICE
    6. TWO (2) TAPE LIFTS...........................FROM NORTH COUCH CUSHION
    7. EIGHT (8) TAPE LIFTS...(ROSSI)...............FROM CENTER COUCH CUSHION
    8. EIGHT (8) TAPE LIFTS...(ROSSI)...............FROM SOUTH COUCH CUSHION
    9. ONE PILLOW CASE..............................FROM PILLOW ON COUCH
   10. ONE HAIR SAMPLE..............................ON FLOOR BY SOUTH SIDE OF
                                                    QUILT (LOVETT)
   11. ONE HAIR SAMPLE..............................ON FLOOR BY EAST SIDE OF
                                                    QUILT (LOVETT)
   12. ONE BLUE QUILT...............................LIVING ROOM FLOOR
   13. ONE COUCH CUSHION............................NORTH END OF COUCH
   14. ONE COUCH CUSION.............................CENTER OF COUCH
   15. ONE COUCH CUSION.............................SOUTH END OF COUCH

EX-Q

SUPPLEMENT NUMBER:    1
  ENTERED BY: HOLTKE,M D          DATE: 12/23/97   TIME: 02:54
  APPROVED BY: MORGAN,DAVID       DATE: 01/07/98   TIME: 08:51

16. ONE FIRED PROJECTILE....................N.W. CORNER OF ENCLOSED BACK
                                            PATIO.

  DISPOSITION:

  ON 12-22-97 I SUBMITTED THE FOLLOWING ITEMS TO THE MEDICAL EXAMINERS OFFICE
FOR ANALYSIS. THE ITEMS WERE RECEIVED BY MS. R. FREEMAN. THE SUBMITTED ITEMS
WERE EVIDENCE ITEM(S) #1,4,6,7,8,9,10,11,12,13,14, & 15. THE SUBMISSION WAS
ASSIGNED M.E. OFFICE LAB # CL97-0677.

  EVIDENCE ITEMS #2,3, & 5 WILL BE PROCESSED FOR LATENT PRINTS. RESULTS WILL
BE SUPPLEMENTED UPON COMPLETION.

  EVIDENCE ITEM #16 WILL BE SUBMITTED TO MONTGOMERY COUNTY S.O. FIREARMS LAB
TO DETERMINE TYPE OR BRAND OF GUN IT WAS FIRED FROM. SUBMISSION AND RESULTS
WILL BE SUPLEMENTED UPON COMPLETION.


  END OF REPORT.

EX-Q

DETAIL REPORT FOR HARRIS COUNTY       CASE NO:   9712142413
     LAW ENFORCEMENT                 DATE: 01/06/11   TIME: 19:47
                                        PAGE:     7

SUPPLEMENT NUMBER:    2
   ENTERED BY: HOLTKE,M D       DATE: 01/07/98    TIME: 10:29
   APPROVED BY: MORGAN,DAVID     DATE: 01/07/98    TIME: 10:55

M.D. HOLTKE, UNIT 7116
IDENTIFICATION  DIVISION
CRIME SCENE INVESTIGATIONS

ON 01-07-97, I DEPUTY M.D. HOLTKE PROCESSED THE FOLLOWING EVIDENCE FOR
LATENT PRINTS IN REFERENCE TO THE ABOVE CASE NUMBER:

2. TANDY CORDLESS PHONE
3. RADIO SHACK AC ADAPTOR
5. 8X10 PHOTOGRAPH

RESULTS: I WAS ABLE TO RECOVER ONE LATENT LIFT OF POSSIBLE VALUE FROM
ITEM #5 (PHOTOGRAPH).

THE LATENT LIFT HAS BEEN SUBMITTED TO A.F.I.S. UNDER THE ABOVE CASE NUMBER.
ALL ABOVE ITEMS WILL BE SUBMITTED TO THE PROPERTY ROOM UNDER THE ABOVE CASE
NUMBER.

END OF SUPPLEMENT.

Ex-Q

SUPPLEMENT NUMBER:    3
  ENTERED BY: LOVETT,JAMES        DATE: 01/09/98   TIME: 18:24
  APPROVED BY: MORGAN,DAVID        DATE: 01/12/98   TIME: 08:22

J. A. LOVETT, UNIT 7118
  IDENTIFICATION DIVISION
CRIME SCENE INVESTIGATION

   ON FRIDAY, 01-09-98, I SUBMITTED ONE FIRED PROJECTILE,ITEM #16, TO THE
MONTGOMERY COUNTY SHERIFFS DEPARTMENT CRIME LAB FOR ANALYSIS.

   THE SUBMISSION FORM IS ATTACHED.


END SUPPLEMENT

Ex-Q

SUPPLEMENT NUMBER:    4
  ENTERED BY: DOGAN,BARBARA        DATE: 01/12/98    TIME: 14:25
  APPROVED BY: DURBIN,J H          DATE: 03/24/98    TIME: 10:21

COPY REQUESTED BY LISA KEARNS/GANGS UNIT FOR DET. MARTIN DEAR/FAXED 011298.

Ex-Q

---

SUPPLEMENT NUMBER:    5
  ENTERED BY: HOLTKE,M D          DATE: 02/13/98    TIME: 04:00
  APPROVED BY: MORGAN,DAVID       DATE: 02/16/98    TIME: 08:46

---

M.D.HOLTKE, UNIT 7116
IDENTIFICATION DIVISION
CRIME SCENE INVESTIGATIONS


**   SEE OLO SUPPLEMENT #15 UNDER CASE #97-12150128 FOR DETAILS ABOUT SHOE
IMPRESSION EVIDENCE SUBMITTED TO D.P.S. IN REFERENCE TO THE ABOVE CASE NUMBER.



END OF SUPPLEMENT

EX-Q

SUPPLEMENT NUMBER:    6
 ENTERED BY: KEEN,THOMAS L        DATE: 02/17/98   TIME: 09:10
 APPROVED BY: GESSNER,J A         DATE: 02/20/98   TIME: 09:35

I DETECTIVE T. KEEN WAS ASSIGNED THE ROBBERY AT 13,911 CHUCKWOOD. I WAS
ADVISED THE SEXUAL ASSUALT WOULD BE ASSIGNED TO DETECTIVE D. SHIELDS. I RE-
VIEWED THE DETAILS OF THIS REPORT MADE BY DEPUTY D. MURR UNIT 4144. I THEN
SPOKE WITH DETECTIVE W. MOORE AND DETECTIVE D. SHIELDS. I WAS ADVISED AT
THIS TIME THERE ARE NO SUSPECTS IN THIS CASE. I WAS TOLD THE SUSPECTS
VEHICLE WAS RECOVERED BY H.P.D. UNDER THEIR CASE #160322797 I. DETECTIVE
MOORE ADVISED ME HE HAD CALLED THE H.C.S.O. IDENTIFICAITON DIVISION AND
REQUESTED THE VEHICLE BE PROCESSED AS A FELONY VEHICLE. I WAS ADVISED NO
SUSPECT LEADS WERE OBTAINED FROM THE VEHICLE AT THE TIME OF OUR MEETING.

I PROCEEDED TO THE VONGDEUANE RESIDENCE AN MET WITH MR. VONGDEUANE, AND HIS
FAMILY TO DISCUSS THIS ROBBERY. I WAS ADVISED ON 12-14-97 HE AND HIS WIFE HAD
BEEN OUT AND RETURNED HOME ABOUT 8:20PM WHEN THEY WERE CONFRONTED AT THE
FRONT DOOR BY THREE UNKNOWN B/M'S. I WAS ADVISED ONE SUSPECT WAS ARMED WITH A
HAND GUN AND POINTED THE GUN AT HIM AND FORCED THEM INTO THEIR HOME. I WAS
ADVISED HIS DAUGHTER WAS WATCHING TV ON THE COUCH IN THE LIVING ROOM. THE
SUSPECTS FORCED HIM TO LAY FACE DOWN AND TOOK HIS WIFE TO THIER BEDROOM. MR.
VONGDEUANE SAID HIS DAUGHTER WAS ASSUALTED BY TWO OF THE SUSPECTS. I WAS
TOLD THE SUSPECTS WHILE IN THEIR HOME THREATENED TO KILL THEM PLACING THEM
IN EXTREAM FEAR FOR THEIR LIVES. THE SUSPECTS TOOK ITEMS FROM THEIR HOME AND
LEFT. MR. VONGDEAUANE SAID AFTER THE SUSPECTS LEFT HE ATTMEPTED TO SECURE THE
FRONT DOOR AND THE SUSPECTS WERE ATTEMPTING TO RE-ENTER HIS HOME. ONE OF THE
SUSPECTS FIRED HIS PISTOL WHEN HE CONTINUED TO STRUGGLE AT THE FRONT DOOR. I
WAS ADVISED HE STOPPED STRUGGLING AND ALLOWED THE SUSPECTS BACK INTO HIS HOME.

THE SUSPECTS AGAIN ENTERED FORCEING HIM FACE DOWN ON HIS FLOOR. THE SUSPECTS
LEFT A SHORT TIME LATER. I WAS ADVISED HE WAS UNSURE IF THEIR WAS 3 OR 4 B/M
SUSPECTS WHO ENTERED HIS HOME BECAUSE HE WAS UNABLE TO LOOK AND SEE WHAT THE
SUSPECTS WERE DOING FEARING HE WOULD BE KILLED. I WAS ADVISED ONE SUSPECT WAS
WITH HIS WIFE IN THE BEDROOM AND TWO SUSPECTS ATTACKED HIS DAUGHTER. I WAS
TOLD A SUSPECT THAT MAY HAVE STAYED NEAR THE CAR IN THE DRIVE WAY.

SEE REPORT FOR PROPERTY LOSS, STATEMENT OF ███████████TAKEN BY DETECTIVE
D. SHIELDS.

I WAS ADVISED BY MR. VONGDEUANE THAT HIS PARENTS LIVE IN THE FRONT OF THE
SUBDIVISION AND IN THE PAST THEY HAVE SEEN A VEHICLE THAT MAY MATCH THE
VEHICLE USED IN THIS ROBBERY OCCUPIED BY 2 OR 3 B/M'S. MR. VONGDEUANE CALLED
HIS PARENTS TO HIS HOME AND TRANSLATED FOR ME. I WAS UNABLE TO OBTAIN ANY
OTHER INFORMATION EXCEPT THEY BELIEVE THE SUSPECTS MAY LIVE IN THE AREA AND
HAD SEEN THEM MORE THAT ONCE. I WAS TOLD THEY ATTEMPTED TO TAKE HIS MOTHERS

EX-2

SUPPLEMENT NUMBER:    6
  ENTERED BY: KEEN,THOMAS L        DATE: 02/17/98   TIME:  09:10
  APPROVED BY: GESSNER,J A         DATE: 02/20/98   TIME:  09:35

PURSE AS THEY DROVE PAST BUT FAILED TO GET THE PURSE. I WAS ADVISED THEY WERE
AGAIN CONFRONTED IN THE HIS FRONT YARD BY THE SAME SUSPECTS WHO DROVE INTO
HIS DRIVE WAY IN AN OLDER MODEL OLDS. I WAS ADVISED HIS FATHER REACHED INTO
HIS POCKET AS IF HE WAS CARRING A GUN AND THE B/M'S DROVE AWAY. I WAS TOLD
THEY DO NOT HAVE ANY LICENSE INFORMATION OR OTHER INFORMATION.

I CONTACTED H.P.D. AND RECIEVED A COPY OF THEIR REPORT 160322797 I. THE
VEHICLE BELIEVED USED IN THIS ROBBERY IS A LT. BLUE 1985 OLDS 4 DR. RECOVERED
ON 12-19-97 IN THE 6000 BLK OF DOWBER. OFFICER HIBERT WITH H.P.D. RECOVERED
THE CAR AND FOUND PURSES IN THE CAR BELONGING TO THE COMPLAINANTS, TAKEN IN
THIS CASE. THE CAR WAS ABANDONDED, AND OFFICER HIBERT WAS DISPATCHED TO THE
CAR FOR A RECOVERY. THE RECOVERD AUTO WAS NOT REPORTED STOLEN AT THE TIME IT
WAS RECOVERED. THE STEERING COLUMN WAS BUSTED AND INSURANCE PAPERS WERE FOUND
IN THE CAR BELONG TO HINOJOSA REFUGIO AND LUISA GUARIN OF 1001 PINEMONT #27
AND OTHER PAPERWORK LISTED AN ADDRESS OF 11,603 LYNDA. OFFICER HIBERT SAID
HE LOOKED AT THE GLASS FOR PRINTS BUT DID NOT SEE ANY OBVIOUS PRINTS. THE
VEHICLE WAS TOWED TO 36 TIDWELL BY WEST SIDE WRECKER #10 PHONE # 713-692-9944.

THE LICENSE TAG REPORTED ON THE CAR BY OFFICER HIBERT IS LJW79W, SHOULD HAVE
BEEN DISPLAYED ON A 1985 DODGE 2 DR OWNER DANIEL B. TOSTADO, 655 E. CASTLE
HARBOR, FRIENDSWOOD TX. REMARKS SHO SURRENDERED BY SALVAGE YARD 4-12-95.

THE COMPLAINANTS HAVE BEEN UNABLE TO IDENTIFY ANY SUSPECTS TO DATE.

CASE SUSPENDED:

EX-Q

SUPPLEMENT NUMBER:    7
  ENTERED BY: SCHIELD,DEBRA          DATE: 03/04/98   TIME: 10:52
  APPROVED BY: DURBIN,J H            DATE: 03/24/98   TIME: 10:22

SEXUAL ASSAULT INVESTIGATION
* * * * * * * * * * * * * * * * * * * * * * * * * *

ON THIS DATE, MONDAY, DECEMBER 15, 1997, I, DETECTIVE D. SCHIELD, WHILE
ASSIGNED TO THE SEX CRIMES UNIT RECEIVED THIS CASE FOR REVIEW.  ACCORDING
TO THE OFFENSE REPORT THE COMPLAINANT WAS SEXUALLY ASSAULTED BY 2 UNKNOWN
BLACK MALE SUSPECTS DURING A HOME INVASION AT HER PARENT'S RESIDENCE.  I
DISCUSSED THIS CASE WITH DETECTIVE B. MOORE AND ADVISED HIM THAT I WOULD
OBTAIN THE COMPLAINANT STATEMENT DETAILING THE SEXUAL ASSAULT AND ALSO HER
MEDICAL RECORDS AND THE LAB REPORT FROM THE MEDICAL EXAMINER'S OFFICE
DOCUMENTING THE SEXUAL ASSAULT KIT RESULTS.

ON TUESDAY, DECEMBER 16, 1998, I ATTEMPTED TO CONTACT ███████████████ BY
TELEPHONE AND SPOKE WITH HER FATHER, MR. VONG.  I TOLD MR. VONG THAT I WOULD
NEED TO MEET WITH ████████████████ AND OBTAIN A WRITTEN STATEMENT.  AN
APPOINTMENT WAS SCHEDULED FOR 10:00AM ON WEDNESDAY, DECEMBER 17, 1998.  I
TOLD MR. VONG THAT I WOULD MEET ████████████████ AT THEIR RESIDENCE ON
CHUCKWOOD.

DUE TO A SCHEDULE CONFLICT I AGAIN CONTACTED MR. VONG LATER ON THAT DATE AND
RESCHEDULED THE TIME TO MEET ████████████████ UNTIL 2:30PM ON DECEMBER 17,
1997.

PROGRESS REPORT:

ON WEDNESDAY, DECEMBER 17, 1997 AT 2:30PM I MET WITH ████████████████████
AT HER RESIDENCE AT 13911 CHUCKWOOD, HOUSTON, TEXAS.  ████████████████████
SPOKE WITH ME PRIVATELY ABOUT THIS CASE AND I DID OBTAIN A WRITTENT STATEMENT
FROM HER DETAILING THE SEXUAL ASSAULT.  THE WRITTEN STATEMENT WILL BE PLACED
WITH THE CASE FILE AS PART OF THE PERMANENT RECORDS.

████████████████ TOLD ME THAT ON SUNDAY, DECEMBER 14, 1997, SHE WAS AT HOME
ASLEEP ON THE COUCH.  SHE SAID THAT AT ABOUT 8:00PM SHE WAS AWAKENED BY HER
PARENTS COMING IN, THEY WERE LOUD.  SHE SAID WHEN SHE OPENED HER EYES SHE
SAW 2 BLACK MALES WITH HER MOM AND HER INITIAL THOUGHT WAS THAT THEY WERE
WITH HER PARENTS.  SHE SAID RIGHT WHEN SHE OPENED HER EYES ONE OF THE BLACK
MALES HIT HER IN THE HEAD WITH HIS HAND.  SHE SAID HE MADE HER COVER HER
FACE WITH HER HANDS AND HE BEGAN TOUCHING HER AND TRYING TO PULL DOWN HER
PANTS.  SHE SAID HE MADE HER PULL HER PANTS DOWN AND THEN HE PENETRATED HER
VAGINA WITH HIS FINGERS.  SHE SAID HE THEN TOLD HER TO GET ON THE FLOOR AND
SHE DID AT WHICH TIME HE TOOK OFF HIS PANTS AND HAD SEXUAL INTERCOURSE WITH

EX-Q

SUPPLEMENT NUMBER:    7
  ENTERED BY: SCHIELD,DEBRA      DATE: 03/04/98   TIME: 10:52
  APPROVED BY: DURBIN,J H        DATE: 03/24/98   TIME: 10:22

HER.   SHE SAID AFTER HE HAD SEXUAL INTERCOURSE WITH HER HE MADE HER SIT UP
AND HE PUT HIS PENIS IN HER MOUTH AND MADE HER PERFORM ORAL SEX ON HIM.   SHE
SAID AFTER THAT HE MADE HER LAY BACK DOWN ON HER BACK AND HE PUT A PILLOW
OVER HER FACE.  SHE SAID HE THEN AGAIN HAD SEXUAL INTERCOURSE WITH HER.
SHE SAID SHE WAS BEGGING HIM "PLEASE DON'T DO THIS" BUT HE TOLD HER HE WOULD
SHOOT HER IF SHE DID NOT KEEP QUIET. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ SAID APPARENTLY THERE
WERE AT LEAST 2 OTHER GUYS THERE BECAUSE SHE HEARD THEM ASKING HER PARENTS
FOR MONEY.   SHE SAID THEY HAD TAKEN HER MOTHER TO ANOTHER ROOM BUT HER DAD
WAS MADE TO PUT HIS HEAD ON THE COUCH AND WAS THERE DURING THE SEXUAL ASSAULT.
SHE SAID THE MALE HOLDING HER DAD DOWN ASKED ONE OF THE OTHER MALES IF HE
SHOULD SHOOT OR KILL HIM.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮ SAID AFTER THE FIRST MALE SEXUALLY ASSAULTED HER HE
STEPPED AWAY AND ONE OF THE OTHER MALES CAME OVER.   SHE SAID THE PILLOW
WAS STILL ON HER FACE.   SHE SAID HE PENETRATED HER VAGINA WITH HIS PENIS
AND HAD SEXUAL INTERCOURSE WITH HER.   SHE SAID AFTER HE WAS THROUGH HE
GOT UP AND THE FIRST MALE HAD SEXUAL INTERCOURSE WITH HER AGAIN.   SHE SAID
AT THIS TIME THE SECOND MALE MADE HER PERFORM ORAL INTERCOURSE ON HIM WHILE
THE FIRST MALE WAS HAVING SEX WITH HER.   SHE SAID THEY BOTH STOPPED AT ABOUT
THE SAME TIME. ▮▮▮▮▮▮▮▮▮▮▮▮ SAID SHE DID NOT EVER SEE THE THIRD MALE
AND JUST LAID THERE WITH THE PILLOW AND HER HANDS OVER HER FACE UNTIL SHE
HEARD THEM LEAVE. ▮▮▮▮▮▮▮▮▮▮▮▮ SAID THAT AFTER THEY LEFT HER DAD GOT
UP AND RAN OUT TO TRY AND GET A LICENSE PLATE NUMBER.   SHE SAID HER MOTHER
CAME OUT OF THE BEDROOM CRYING AND SCREAMING. ▮▮▮▮▮▮▮▮▮▮▮▮ SAID SHE
WENT INTO HER ROOM AND CHANGED CLOTHES AND WHILE SHE WAS CHANGING SHE HEARD
THE MALES COMING BACK IN THROUGH THE FRONT DOOR.   SHE SAID HER DAD WAS TRYING
TO HOLD THE DOOR CLOSED BUT THEY WERE KICKING THE DOOR.   SHE SAID SHE HEARD
A GUNSHOT AND THEN THE MALES WERE BACK IN THE HOUSE ASKING FOR KEYS TO THE
VEHICLE.  SHE SAID HER PARENTS KEPT TELLING THE MEN THAT THEY ALREADY HAD
TAKEN THE KEYS AND FINALLY THE MALES LEFT. ▮▮▮▮▮▮▮▮▮▮▮▮ SAID THAT WHEN
THE MALES LEFT AGAIN SHE CAME OUT OF HER ROOM AND HER DAD TOLD HER TO CALL
THE POLICE.

▮▮▮▮▮▮▮▮▮▮▮▮ SAID SHE WAS ABLE TO SEE THE FIRST SUSPECT AND DESCRIBED
HIM AS A YOUNG BLACK MALE, DARK-SKINNED AND KIND OF TALL AND HE WAS SKINNY.
SHE SAID HE IS THE ONE THAT TOLD HER HE HAD A GUN. ▮▮▮▮▮▮▮▮▮▮▮▮ SAID
SHE DID NOT SEE THE SECOND MALE THAT ASSAULTED HER VERY WELL BECAUSE THE
PILLOW WAS ON HER FACE.   SHE SAID THE THIRD MALE THAT WAS WITH HER MOTHER
HAD WORN A SKI MASK AND EVEN MADE A COMMENT TO THE OTHER TWO THAT THEY WERE
THERE FOR THE MONEY, NOT THAT (MEANING THE ASSAULT).

AFTER OBTAINING THE STATEMENT FROM ▮▮▮▮▮▮▮▮▮▮▮▮ I TOLD HER THAT I WOULD
NEED TO OBTAIN HER MEDICAL RECORDS FROM THIS INCIDENT. ▮▮▮▮▮▮▮▮▮▮▮▮

Ex-Q

SUPPLEMENT NUMBER:    7
  ENTERED BY: SCHIELD,DEBRA        DATE: 03/04/98   TIME: 10:52
  APPROVED BY: DURBIN,J H          DATE: 03/24/98   TIME: 10:22

AND HER FATHER, PHILLIP VONG, BOTH SIGNED A RELEASE FORM SO THAT I COULD
OBTAIN THE MEDICAL RECORDS FROM HOUSTON NORTHWEST MEDICAL CENTER HOSPITAL.

I FAXED THE REQUEST TO THE RELEASE OF MEDICAL RECORDS SECTION OF HOUSTON
NORTHWEST MEDICAL CENTER HOSPITAL.  I ALSO FAXED A REQUEST TO THE MEDICAL
EXAMINER'S OFFICE FOR THE RESULTS OF THE SEXUAL ASSAULT KIT WHEN COMPLETED.

PROGRESS REPORT:

ON DECEMBER 18, 1997, I CONTACTED THE MEDICAL RECORDS DIVISION OF HOUSTON
NORTHWEST MEDICAL CENTER HOSPITAL AND WAS TOLD THE RECORDS WOULD BE AVAILABLE
ON FRIDAY, DECEMBER 19, 1997.

ON DECEMBER 19, 1997, I PICKED UP THE MEDICAL RECORDS FROM HOUSTON NORTHWEST
MEDICAL CENTER HOSPITAL.  THESE RECORDS WILL BE PLACED WITH THE CASE FILE
AS PART OF THE PERMANENT RECORD.

PROGRESS REPORT:

ON MONDAY, JANUARY 5, 1998, I RECEIVED A FAXED COPY OF THE SEXUAL ASSAULT
KIT RESULTS FROM THE MEDICAL EXAMINER'S OFFICER.  RESULTS AS FOLLOWS:

LABORATORY NUMBER:  CL97 0677
COMPLAINANT:

ITEMS SUBMITTED:

 1.   BLOOD SAMPLE (VICTIM)
 2.   VAGINAL SWABS
 3.   VAGINAL SMEARS
 4.   ORAL SWABS
 5.   ORAL SMEARS
 6.   ANAL SWABS
 7.   ANAL SMEARS
 8.   NASAL SAMPLE
 9.   PULLED HEAD HAIR
10.   LOOSE HEAD HAIR
11.   PULLED PUBIC HAIR
12.   R/L FINGERNAIL SCRAPINGS
13.   LOOSE EVIDENCE #1
14.   LOOSE EVIDENCE #2
15.   CATHETER

EX-Q

SUPPLEMENT NUMBER:    7
  ENTERED BY: SCHIELD,DEBRA        DATE: 03/04/98   TIME: 10:52
 APPROVED BY: DURBIN,J H           DATE: 03/24/98   TIME: 10:22

16.  LABIA SWABS
17.  WHITE T-SHIRT
18.  DENIM SHORTS
19.  LIGHT PINK/WHITE BRA
20.  BLACK PANTIES
21.  GRAY HOODED SWEAT JACKET

SEMINAL STAINS WERE NOT DETECTED ON ITEMS 2,4,15,17 AND 19-21.

SEMEN WAS NOT DETECTED ON ITEMS 6, 16 AND 18.

SPERMATOZOA WERE NOT DETECTED ON ITEMS 3, 5, 7 AND 16.

BLOOD WAS DETECTED ON ITEMS 2 AND 15, BY PRESUMPTIVE TESTING.

LAB REPORT SIGNED BY KATHERINE KOHL, M.S., DNA ANALYST II AND ROBIN FREEMAN,
M.S., DNA ANALYST II.

A COPY OF THE LABORATORY REPORT CL97-0677 WILL BE PLACED WITH THE CASE FILE
AS PART OF THE PERMANENT RECORD.

END OF SUPPLEMENT - RECORDS TO CASE FILE INCLUDE:

                    COMPLAINANT STATEMENT
                    MEDICAL RECORDS
                    SEXUAL ASSAULT KIT RESULTS/CL97-0677

EX-Q

SUPPLEMENT NUMBER:    8
   ENTERED BY: SCHIELD,DEBRA          DATE: 03/04/98   TIME: 11:21
   APPROVED BY: DURBIN,J H            DATE: 03/24/98   TIME: 10:22

PROGRESS REPORT:

ON MONDAY, MARCH 2, 1998, I WAS CONTACTED BY A.D.A. JANE WATERS AND SHE
REQUESTED A COPY OF THE MEDICAL RECORDS IN THIS CASE.

ON TUESDAY, MARCH 3, 1998, I FAXED A COPY OF THE MEDICAL RECORDS, LABORATORY
REPORT CL97-0677 AND THE COMPLAINANT STATEMENT TO A.D.A. WATERS AT
(713)755-7752.

END OF SUPPLEMENT.

EX-Q

SUPPLEMENT NUMBER:   9
 ENTERED BY: COLE,FOREST A        DATE: 04/01/98   TIME: 13:44
 APPROVED BY: MORGAN,DAVID        DATE: 04/01/98   TIME: 14:07

FOREST COLE,  DEPUTY
IDENTIFICATION DIVISION

CASE# 9712142413

ON 4-1-98 I, DEPUTY FOREST COLE UNIT# 7162 OF THE IDENTIFICATION
DIVISION, COMPLETED COMPARISONS OF THE LATENTS IN THIS CASE WITH THE
FINGERPRINTS ON FILE FOR THE BELOW LISTED PERSONS:

1) HINES, JOSEPH            B/M  DOB  3-26-81  SO# 776265  JUV# J0211977
2) ROGERS, MANDEL           B/M  DOB  12-6-79  SO# 871533  SPN# 1635296
3) WILLIAMS, TELLAS         B/M  DOB  5-31-79  SO# 742736  JUV# J0205190
4) MARTIN, LACHRISTOPHER    B/M  DOB  8-25-77  SO# 785321  SPN# 1574475
5) FORD, MICHAEL            B/M  DOB 11-27-77  SO# 745036  SPN# 1523767

PALM PRINTS WERE ALSO AVAILABLE FOR 2) ROGERS, MANDEL, SO# 871533.

I COMPARED THE LATENTS IN THIS CASE WITH THE ABOVE FINGERPRINTS AND
AVAILABLE PALM PRINTS WITH NEGATIVE RESULTS.

ADDITIONAL PALM PRINTS OF THE ABOVE PERSONS ARE NEEDED IN ORDER TO
COMPLETE COMPARISONS OF LATENTS NOT IDENTIFIED.

THE LATENTS WERE NOT OF SUFFICIENT QUALITY FOR AN A.F.I.S. SEARCH.

THE LATENTS WILL BE FORWARDED TO LATENT ARCHIVES. THE FINGERPRINT CARDS
WILL BE RETURNED TO FILE IN THE IDENTIFICATION DIVISION. THE PALM PRINTS WILL
BE PLACED ON FILE IN THE IDENTIFICATION DIVISION.

Ex-Q

SUPPLEMENT NUMBER:   10
  ENTERED BY: KEEN,THOMAS L        DATE: 08/13/98   TIME: 11:00
  APPROVED BY:                     DATE:            TIME:

ON 8-11-98 I RECIEVED A PHONE CALL FROM D.A. INVESTIGATOR B. BARRINGER WHO
ADVISED ME DUE TO THE DETAILS IN THE MASTER CASE 9712150128 THE SUSPECTS
DNA WAS COMPAIRED TO EVIDENCE COLLECTED IN THIS CASE. I WAS ADVISED THE DNA
FROM THE SUSPECT JOSEPH HINES SO# 706265 DNA WAS IDENTIFIED AS THE SUSPECT
IN THE SEXUAL ASSUALT IN THIS HOME INVASION.

INVESTIGATOR BARRINGER REQUESTED THE HCSO IDENTIFICATION DIVISION COMPAIR
THE LATENT PRINTS RECOVERED AT THE SCENE TO THE PRINTS OF JOSEPH HINES B/M
3-26-81 AND MANDELL ROGERS B/M 12-6-79.

ON 8-11-98 I CALLED THE LATENT PRINT SECTION OF THE HCSO IDENTIFICAITON AND
SPOKE WITH DEPUTY KROUSE. I REQUESTED THE LATENT PRINTS RECOVERED IN THIS
CASE AND IN MASTER CASE 9712150128 BE COMPAIRED TO THE SUSPECTS ARRESTED
AND CHARGED IN THE MASTER CASE. I REQUESTD TO BE CONTACTED AFTER THE PRINTS
ARE COMPAIRED:

Ex-Q

SUPPLEMENT NUMBER:  11
  ENTERED BY: HOLTKE,M D          DATE: 08/14/98   TIME: 03:21
  APPROVED BY: MORGAN,DAVID       DATE: 08/14/98   TIME: 07:37

                        M.D. Holtke, Unit 7116
                        Identification  Division
                       Crime Scene Investigations


   On 08-13-98, I Deputy M.D. Holtke received a from David Tanner, Firearms
Examiner, Montgomery County Sheriff's Dept., the results from the requested
examination of the projectile recovered in reference to the above case
number. The results from Tanner read as follows:

   "Examination revealed that the bullet weighed 157.5 grains. It is believed
   that the bullet was fired in either a .357 Magnum or .38 Spl. revolver.
   The make of weapon from which the bullet was fired was not able to be
   determined."


End of supplement.

                                                              Ex-Q

SUPPLEMENT NUMBER:   12
   ENTERED BY: KEEN,THOMAS L          DATE: 09/10/98   TIME: 07:59
   APPROVED BY:                       DATE:            TIME:

ON 9-3-98 I RECIEVED A REQUEST FROM A.D.A. JANE WATERS IN THE 180TH DC WHO
ADVISED ME TO FILE THE CHARGE OF AGGRAVATED ROBBERY AND AGGRAVATED RAPE IN
THIS CASE. THE D.N.A. LAB REPORT IDENTIFED JOSEPH HINES AS THE SUSPECT IN
THE AGGRAVATED RAPE DURING THIS HOME INVASION ROBBERY.

I CALLED THE HARRIS JUVENILE D.A. INTAKE DIVISION AND SPOKE WITH A.D.A. E.
GODWIN AND DISCUSSED THE DETAILS OF THIS INVESTIGATION. I WAS ADVISED TO
FILE THIS CASE IN JOTS.

I FILED ON THE DEFENDANT FOR AGGRAVATED ROBBERY/AGGRAVATED RAPE:

DEFENDANT: HINES, JOSEPH BARNARD B/M 3-26-81
CHARGE:    AGGRAVATED ROBBERY/AGGRAVATED RAPE
JOTS:      028120
SPN#01648093 HCSO# 776265

Ex-Q

SUPPLEMENT NUMBER:   13
  ENTERED BY: DAVIS,STEVE          DATE: 01/22/99    TIME: 08:56
  APPROVED BY: MORGAN,DAVID        DATE: 01/22/99    TIME: 09:19

S.A. DAVIS, UNIT 7119
IDENTIFICATION DIVISION

ON FRIDAY, JANUARY 22, 1999, I DEPUTY S.A. DAVIS, UNIT 7119 RECEIVED THE
FOLLOWING ITEM FROM OFFICER D. TANNER, OF THE MONTGOMERY COUNTY SHERIFF'S
DEPARTMENT FIREARMS LABORATORY.

ITEM 16 ---- ONE (1) FIRED PROJECTILE.

THE ABOVE ITEM WILL BE STORED IN THE HARRIS COUNTY PROPERTY ROOM UNDER CASE
NUMBER 9712142413.

END  OF  REPORT

EX-Q

SUPPLEMENT NUMBER:   14
  ENTERED BY: HAMPTON,L C         DATE: 07/06/99    TIME: 09:12
  APPROVED BY:                    DATE:             TIME:

D.A. BUDDY BARRINGER called and requested this report.

DETAIL REPORT FOR HARRIS COUNTY
LAW ENFORCEMENT

CASE NO:   9712142413
DATE: 01/06/11   TIME: 19:47
PAGE:    23

EX-Q